**ORIGINAL**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

NOV 20 2009

Stephan Harris, Clerk
Cheyenne

Bruce Salzburg
Attorney General

Jay Jerde
Deputy Attorney General

James Kaste
Senior Assistant Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile
email: jkaste@state.wy.us

Attorneys for Petitioner State of Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| STATE OF WYOMING, | ) |
| Petitioner, | ) ) ) **09CV 262-J** |
| v. | ) Case No. _____ |
| UNITED STATES DEPARTMENT OF THE INTERIOR; THE NATIONAL PARK SERVICE; KEN SALAZAR, in his official capacity as Secretary of the Interior; JON JARVIS, in his official capacity as Director of the National Park Service; and MICHAEL SNYDER, in his official capacity as Intermountain Region Director for the National Park Service, | ) ) ) **PETITION FOR REVIEW OF** ) **FINAL AGENCY ACTION** ) ) ) ) ) |
| Respondents. | ) |

Petitioner State of Wyoming ("State"), through the Wyoming Attorney General's Office, hereby petitions this Court for review of the final agency action taken by the United States Department of the Interior, the National Park Service, Secretary of the Interior Ken Salazar,

National Park Service (NPS) Director Jon Jarvis, and NPS Intermountain Region Director Michael Snyder (collectively "Respondents") in promulgating the 2009 Winter Use Plan governing winter use activities in Yellowstone and Grand Teton National Parks and the John D. Rockefeller, Jr., Memorial Parkway (collectively "the Parks"). The 2009 Winter Use Plans were published in the Federal Register on November 12, 2009. *See* 74 Fed. Reg. 60,159 and 74 Fed. Reg. 60,183 (Nov. 20, 2009).

1.  There is a line where access to the Parks becomes so restricted that the mandates of the very legislation establishing the National Park Service and Yellowstone National Park are violated. The 2009 Winter Use Plans which limit daily snowmobile entries into Yellowstone National Park to 318 per day, and which essentially eliminate snowmobile access to Grand Teton National Park, cross that line. The 2009 Winter Use Plans arbitrarily deprive citizens of meaningful access to their Parks, particularly citizens of limited means, with no commensurate benefit to Park resources. The 2009 Winter Use Plans significantly restrict snowmobile access to the Parks in spite of the clear scientific evidence demonstrating that the environmental impacts of snowmobiles in the Parks are less than the impacts of snowcoaches and that the entry of greater numbers of snowmobiles in the last four years has not resulted in any harm to the Parks. Inexplicably, the 2009 Winter Use Plans actually authorize twice as many snowcoaches as the historic average, while cutting snowmobile entries to less than half of that previously authorized and well below historic demand. There is no rational basis to discriminate against snowmobiles

in this fashion and no rational explanation for the disparity between the two modes of transportation. While Yellowstone National Park was created "as a public park or pleasuring ground for the benefit and enjoyment of the people," and the NPS has been charged by Congress to "provide for the enjoyment" of the Parks, the 2009 Winter Use Plans systematically exclude thousands of people who would otherwise peaceably enjoy the Parks by snowmobile. The 2009 Winter Use Plans are arbitrary and unlawful, and must be set aside by this Court to ensure that the people of Wyoming and the United States have meaningful access to their Parks.

2. The Respondents' actions in developing the 2009 Winter Use Plans violated numerous federal laws, including, but not limited to: the National Environmental Policy Act (and its implementing regulations) (NEPA), the Administrative Procedure Act (APA), the Yellowstone National Park Act, the National Park Service Organic Act, and the United States Constitution. These violations include, but are not limited to, the following:

(a) The Respondents violated the Yellowstone National Park Act, 16 U.S.C. § 21 through 16 U.S.C. § 40c, by arbitrarily and unlawfully restricting snowmobile access in spite of the scientific evidence which demonstrates that more snowmobiles could be permitted without causing unacceptable impacts or impairment to park resources.

(b) The Respondents violated the National Park Service Organic Act, 16 U.S.C. § 1 through 16 U.S.C. § 18f-3, by arbitrarily and unlawfully restricting snowmobile access in spite of

the scientific evidence which demonstrates that more snowmobiles could be permitted without causing unacceptable impacts or impairment to park resources.

(c) The Respondents violated the NEPA, 42 U.S.C. §§ 4321 through 4370f, by failing to consider a reasonable range of alternatives, including alternatives that would have authorized more snowmobile entries per day, and alternatives that would have allocated entries on other bases besides a strict per day limit;

(d) The Respondents violated the NEPA by failing to analyze the correct "no action" alternative, and by purposefully constructing a fictitious "no action" alternative which preordained the outcome of the NEPA process;

(e) The Respondents violated the NEPA by failing to take a "hard look" at the environmental consequences of:

    (i) allowing a reasonable percentage of snowmobiles to enter Yellowstone National Park each day while accompanied by a non-commercial guide;

    (ii) the revised preferred alternative as a whole;

    (iii) allocating snowmobile entries into Yellowstone National Park on a total entries per season basis rather than a maximum number of entries per day basis.

    (iv) allowing snowmobiles on the the Continental Divide Snowmobile Trail; and

    (v) allowing more than 25 snowmobiles per day at Jackson Lake.

(f) The Respondents violated NEPA by failing to provide a reasoned explanation for their determination to restrict snowmobile access in spite of the scientific evidence which demonstrates that more snowmobiles could be permitted without causing unacceptable impacts or impairment to park resources.

(g) The Respondents violated 40 C.F.R. §§ 1501.6 and 1508.5 by not allowing the State, to participate as a cooperating agency in the NEPA process.

(h) The Respondents violated 5 U.S.C. § 553 by not critically reviewing and giving meaningful consideration to all of the comments submitted by the State;

(i) The Respondents violated 5 U.S.C. § 706(2)(A) by arbitrarily and capriciously reducing the number of daily snowmobile entries into YNP from 720 entries per day to 318 entries per day;

(j) The Respondents acted in excess of statutory or constitutional right in violation of 5 U.S.C. § 706(2)(B). Specifically, the 100% commercial guide requirement for snowmobiles entering Yellowstone National Park is a *de facto* levy of a tax or an unauthorized fee.

(k) The Respondents acted in violation of this Court's Order Implementing Temporary Remedy in Cases 07-CV-319-B and 08-CV-04-B issued on November 10, 2008, which requires the NPS to promulgate permanent winter use rules. Moreover, the 2009 Winter Use Plan is not an acceptable replacement for the 2004 temporary rule reinstated by this Court's Order.

3. This Court has jurisdiction over the claims in this Petition pursuant to 5 U.S.C. §§ 701-706, 28 U.S.C. § 1331, FED. R. APP. P. 15, and U.S.D.C.L.R. 83.7.2.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Each of the above-named respondents is either an agency of the United States or an officer or employee of the United States acting in his or her official capacity, and a substantial part of the events giving rise to the claims occurred in this judicial district. Additionally, the State "resides" in this judicial district for purposes of this suit.

5. The adoption of the 2009 Winter Use Plan is final agency action subject to appellate review in this Court. *See* 5 U.S.C. §§ 701-706; *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) (stating that federal district courts in the Tenth Circuit must review agency action as an appellate court).

WHEREFORE, the State respectfully requests that this Court:

1. Declare that the Respondents violated the NEPA, the APA, the Yellowstone National Park Act, the National Park Service Organic Act, and the United States Constitution in developing the 2009 Winter Use Plans;

2. Set aside and vacate those portions of the 2009 Winter Use Plans which address the daily limits on snowmobiles entering the Parks, and the commercial guide requirement for Yellowstone National Park;

3. Remand those portions of the 2009 Winter Use Plans which address the daily limits on snowmobiles entering the Parks, and the commercial guide requirement for Yellowstone National Park;

4. Order that:

    a. on remand, the NPS shall remedy the foregoing violations of federal law and publish revised Winter Use Plans;

    b. the revised final rules shall take effect no later than September 1, 2010; and

    c. this Court shall retain jurisdiction over this matter during the remand process so that, upon timely application by any of the parties to this action, this Court may review the results of the remand to ensure that the Respondents have remedied the foregoing violations of federal law, or provide other appropriate relief as necessary during the remand process; and

5. Reinstate the 2004 temporary rule until such time as the NPS can promulgate an acceptable permanent rule to take its place.

6. Grant the State such further and additional relief as the Court may deem just and proper.

//

//

Submitted this 20th day of November, 2009.

_____
Bruce Salzburg
Attorney General
bsalzb@state.wy.us

_____
Jay Jerde
Deputy Attorney General
jjerde@state.wy.us

_____
James Kaste
Senior Assistant Attorney General
123 Capitol Building
Cheyenne, WY 82002
(307) 777-6946
(307) 777-3542 facsimile
jkaste@state.wy.us

Attorneys for the Petitioner State of Wyoming

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of November, 2009, a true and correct copy of the foregoing **PETITION FOR REVIEW OF FINAL AGENCY ACTION** was served upon the following via United States mail, first class, certified, return receipt requested:

United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

National Park Service
1849 C Street, NW
Washington, DC 20240

Honorable Ken Salazar
Secretary
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

Jon Jarvis
Director
National Park Service
1849 C Street, NW
Washington, DC 20240

Michael Snyder
Intermountain Region Director
National Park Service
12795 W. Alameda Parkway
P.O. Box 25287
Denver, CO 80225

United States Attorney's Office
Attn: Civil Process Clerk
P.O. Box 668
Cheyenne, WY 82003-0668

Honorable Eric Holder
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

_Heather Hunter_
Wyoming Attorney General's Office