Steve Jones (Wyo. Bar No. 5-1643)
262 Lincoln Street
Lander, WY 82520
Phone: (307) 332-7031 x12
Fax:     (307) 332-6899
Steve@wyomingoutdoorcouncil.org

*Attorney for Applicant-Intervenor National Parks
Conservation Association*


Robert D. Rosenbaum (subject to admission *pro hac vice*)
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
Phone: (202) 942-5862
Fax:     (202) 942-5999
Robert.Rosenbaum@aporter.com

*Attorney for Applicant-Intervenor National Parks
Conservation Association*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| State of Wyoming,<br><br>　　Petitioner,<br><br>　　　　vs.<br><br>United States Department of the Interior, et al.,<br><br>　　Respondents. | Case No. 2:09-cv-00262-ABJ<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NATIONAL PARKS CONSERVATION ASSOCIATION'S MOTION TO INTERVENE |

Applicant-Intervenor National Parks Conservation Association ("NPCA") respectfully submits this memorandum in support of its motion to intervene in this action.

## BACKGROUND

In December 2007, the National Park Service ("NPS") adopted a new winter use plan for Yellowstone National Park ("Yellowstone"), Grand Teton National Park and the John D. Rockefeller, Jr. Memorial Parkway (the "2007 Rule"). That Rule authorized up to 540 recreational snowmobiles per day at Yellowstone, among other things. On September 15, 2008, in actions brought by the NPCA, among others, the U.S. District Court for the District of Columbia (the "DC Court") issued a decision and order finding the 2007 Rule arbitrary and capricious and contrary to governing statutes (the "DC Court Decision"). That Decision vacated the 2007 Rule and remanded to the NPS for further proceedings consistent with that decision. *See Greater Yellowstone Coalition v. Kempthorne*, 577 F. Supp. 2d 183, 210 (D.D.C. 2008).

When that decision was rendered, this Court was considering challenges to the 2007 Rule brought here by the State of Wyoming; by Park County, Wyoming ("Park County"); and the International Snowmobile Manufacturer's Association and others ("ISMA"). *State of Wyoming, et al. v. U.S. Dep't of the Interior, et al.*, Case Nos. 2:07-cv-00319-CAB and 2:08-cv-00004-CAB (the "2007 Rule Litigation"). Petitioners argued that, in light of the DC Court Decision, this Court should direct the reinstatement on an interim basis of a prior rule permitting 720 recreational snowmobiles per day at Yellowstone, among other things. On November 7, 2008, this Court deferred to the DC Court Decision but entered an order directing the NPS to adopt a rule permitting 720 recreational snowmobiles per day at Yellowstone until the NPS could adopt

2

an acceptable replacement rule. *See* 2007 Rule Litigation, Order Implementing Temporary Remedy and Granting Motion to Intervene ("November 2008 Order"). In that Order, the Court also granted NPCA's motion to intervene. *Id.* at 18-19. On December 9, 2008, the NPS adopted the rule required by that Order (the "2008 Rule"). 73 FED. REG. 74606.

NPCA appealed this Court's November 2008 Order to the U.S. Court of Appeals for the Tenth Circuit. NPCA argued that this Court lacked subject matter jurisdiction to enter that Order due to mootness. That appeal has been briefed and argued and is awaiting decision.

On December 9, 2008, Greater Yellowstone Coalition and others, not including the NPCA, sued the NPS in the DC Court, challenging the 2008 Rule.

On July 24, 2009, the NPS announced that it proposed to adopt a new interim rule to replace the 2008 Rule (the "2009 Rule"). 74 FED. REG. 36640.

Also on July 24, 2009, the State of Wyoming, joined by ISMA and Park County, asked this Court, in the 2007 Rule Litigation, for an injunction against the NPS's adopting the proposed 2009 Rule or any other "new interim winter use rules" that would replace the 2008 Rule. They argued that the November 2008 Order requires that the 2008 Rule, permitting 720 snowmobiles per day, remain in effect, not only until a new interim rule can be adopted to replace it, but until a new long-term rule can be adopted to replace it. NPCA opposed that motion, along with the Federal Government parties. This Court denied that motion on the ground that it lacked subject matter jurisdiction in light of the pendency of the NPCA's appeal from the November 2008 Order.

On September 21, 2009, the State of Wyoming, Park County and ISMA filed a motion in the Tenth Circuit asking for a limited remand to this Court, in the 2007 Rule Litigation, to permit it to consider and rule on those parties' motion for an injunction against the NPS's adopting the proposed 2009 Rule. That motion for limited remand is pending at this time.

Meanwhile, ISMA, which had intervened in the DC Court, had appealed the DC Court Decision to the U.S. Court of Appeals for the D.C. Circuit. The Federal Government parties, NPCA and the other appellees moved to dismiss that appeal. Those motions have been fully briefed and are awaiting decision. On October 27, 2009, ISMA moved for leave to file out of time ("ISMA's Leave-to-File Motion") a motion to dismiss its own appeal from the D.C. Court Decision on the ground that the July 24, 2009 announcement by the NPS that it planned to adopt a new interim rule supposedly mooted ISMA's appeal. The other parties to that appeal have opposed ISMA's Leave-to-File Motion. No decision has been rendered on that Leave-to-File Motion.

On November 20, 2009, the NPS adopted the 2009 Rule. 74 FED. REG. 60159. That rule permits 318 recreational snowmobiles per day at Yellowstone, among other things. That rule provides that it will be in effect for the winter seasons 2009-2010 and 2010-2011.

On November 20, 2009, the instant petition for review of the 2009 Rule was filed in this Court. That petition asserts that the 2009 Rule is arbitrary and capricious, a violation of governing statutes and a violation of this Court's November 2008 Order.

The 2009 Rule was promulgated by the NPS as a first step in complying with the DC Court Decision, which vacated the 2007 Rule and remanded to the NPS for further action

4

consistent with that decision. That decision was entered in an action brought by NPCA, among others. Moreover, NPCA has appealed the November 2008 Order which also forms the basis of the Petitioner's allegations.

NPCA accordingly respectfully seeks to intervene in order to rebut Petitioner's assertions.

## ARGUMENT

### I.  NPCA SATISFIES THE REQUIREMENTS FOR MANDATORY INTERVENTION

NPCA is entitled to intervene as a matter of right in these cases, just as this Court ruled that NPCA was entitled to intervene in the cases here challenging the 2007 Rule. *See* November 2008 Order, at 15-21. Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the mutant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. PROC. 24(a). Thus, an applicant may intervene as of right upon the satisfaction of four prerequisites: (1) the motion is timely; (2) the applicant claims an interest relating to the subject of the action; (3) that interest would be subject to a practical impairment; and (4) that interest is inadequately represented by the parties to the suit. *See Coal. Of Arizona/New Mexico Counties for Stable Econ. Growth v. Babbitt*, 100 F.3d 837, 840 (10th Cir. 1996).

*First*, NPCA's motion is clearly timely. This case has only just been filed.

***Second***, NPCA plainly has a substantial interest in this case, which in effect challenges the DC Court Decision. NPCA also has an interest in the NPS's compliance with that decision. That decision supplies the guideposts NPS must follow in formulating any new rule. NPCA has devoted significant time, effort, and resources to successfully litigating its claims in the DC Court to obtain that decision, as well as to defending it in the D.C. Circuit, before this Court and in the Tenth Circuit. This Court previously granted NPCA's motion to intervene, in the actions in which the November 2008 Order was entered. November 2008 Order, at 18-19. NPCA now has the same interest in defending the 2009 Rule that has been adopted pursuant to the DC Court Decision.

***Third***, events in the present case may, as a practical matter, impair or impede NPCA's ability to protect its interests with respect to the 2009 Rule and DC Court Decision. *See* November 2008 Order, at 19. If Petitioner is successful in its challenge to the 2009 Rule, the NPS could be forced into a position inconsistent with the DC Court Decision. Any such result would create the need for more litigation and would put in jeopardy NPS's timely compliance with the DC Court Decision. NPCA should therefore be permitted to intervene for the purpose of demonstrating that the 2009 Rule is a first step toward NPS's compliance with the DC Court Decision and is otherwise lawful.

***Finally***, it is clear that the existing parties do not adequately represent NPCA's interests. The Petitioner seeks to increase the number of snowmobiles permitted in Yellowstone beyond the 318 per day permitted by the 2009 Rule, an objective that is contrary to the objectives of NPCA. Nor can the Federal Government adequately represent NPCA's interests because the

Federal Government and NPCA's interests are not necessarily aligned. The Federal Government was adverse to NPCA in the action in the DC Court. Furthermore, as this Court stated in its prior order granting NPCA leave to intervene, "the Tenth Circuit has expressed that the government is often inadequate to represent the interests of private parties." November 2008 Order, at 20, citing *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) (stating " We have here also the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible.").

The Court should accordingly enter an order permitting NPCA to intervene so that it can advance its unique interests in this case.

## II.  NPCA ALSO SATISFIES THE REQUIREMENTS FOR PERMISSION INTERVENTION

NPCA also satisfies the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). That rule provides:

> On timely motion, the court must permit anyone to intervene who:
> … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the mutant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. PROC. 24(b).

Permissive intervention is appropriate here. First, as previously discussed, the motion is timely. Second, NPCA's interests in these cases involve questions of law or fact common to the issues to be resolved here. NPCA's arguments concern the very same 2009 Rule at issue in this

case. Third, permitting intervention will not cause undue delay because NPCA is prepared to participate on whatever schedule the Court sets.

### III. POSITIONS OF THE PARTIES

Petitioner State of Wyoming has advised NPCA that Petitioner does not oppose this motion to the extent it seeks permissive intervention pursuant to the provisions of Rule 24(b), Federal Rules of Civil Procedure, but that Petitioner opposes this motion to the extent it seeks intervention under the provisions of Rule 24(a), because Petitioner does not believe NPCA meets the requirements for intervention by right. In light of the Petitioner's consent to permissive intervention, Petitioner advised NPCA that Petitioner will not file a written opposition to this motion.

Federal Respondents do not take a position at this time and reserve the right to respond after reviewing NPCA's motion.

## CONCLUSION

For the above reasons, NPCA respectfully requests that the Court permit it to intervene in this action as a defendant.

Respectfully submitted,

*/s/ Steve Jones*

Steve Jones
262 Lincoln Street
Lander, WY 82520
Phone: (307) 332-7031 x12
Fax:    (307) 332-6899

*Attorney for Applicant-Intervenor National Parks Conservation Association*

Robert D. Rosenbaum
Matthew Roessing
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
Phone: (202) 942-5862
Fax:    (202) 942-5999

*Attorneys for Applicant-Intervenor National Parks Conservation Association*[1]

Dated: November 24, 2009

---

[1] A motion for *pro hac vice* status of Mr. Rosenbaum is being filed contemporaneously with the instant motion.

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November 2009, I served a true and correct copy of the Memorandum of Points and Authorities in Support of National Parks Conservation Association's Motion to Intervene by email on the following counsel:

Bruce Salzburg
Jay Jerde
James Kaste
Wyoming Attorney General
123 Capitol Building
Cheyenne, WY 82002
bsalzb@state.wy.us
jjerde@state.wy.us
jkaste@state.wy.us

Nicholas Vassallo
U.S. Attorney's Office
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003-0668
Nick.Vassallo@usdoj.gov

Barry A. Weiner
Luther L. Hajek
Guillermo Montero
U.S. Department of Justice
Environmental & Natural Resources Div.
601 D Street, NW, Room 3528
P.O. Box 663
Washington, DC 20044-0663
Barry.Weiner@usdoj.gov
Luke.Hajek@usdoj.gov
Guillermo.Montero@usdoj.gov

_/s/ Steve Jones_
Steve Jones